**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**APRIL CLARK,**

          **Plaintiff,**

                                           **Civil Action 2:23-cv-4204**
**v.**                                  **Chief Judge Algenon L. Marbley**
                                           **Magistrate Judge Kimberly A. Jolson**

**CHRIS BROWN,**

          **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, April Clark, an Ohio resident who is proceeding *pro se*, brings this action against Defendant Chris Brown. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

## I.    STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II.   DISCUSSION

Plaintiff names Chris Brown, a "presiding judge" in the Franklin County Court of Common Pleas in Columbus, Ohio, as defendant. (Doc. 1-1 at 3). Plaintiff's complaint alleges that Judge Brown violated her rights under the Fourteenth Amendment of the U.S. Constitution and the Constitution of Ohio by displaying racial bias and partiality, ignoring her motions and pleadings, and overlooking material facts in two different state court cases. (*Id.*). Plaintiff says that he took these actions "deliberately as a participant in the conspiracy to commit grand theft of Plaintiff['s]

2

equitable property," namely $15,028 due to her under a U.S. Equal Employment Opportunity Commission mediation settlement agreement. (*Id.*). Plaintiff asks for $2.5 million in relief for these alleged wrongs. (*Id.* at 4). While there are several fatal flaws to Plaintiff's Complaint, the Undersigned addresses only the most obvious one: judicial immunity.

Judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted); *see also Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("[Judicial] immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit."). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity or if the actions taken were in absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Here, Plaintiff's claims against Judge Brown clearly relate to actions he took while functioning in his judicial capacity during the relevant state court cases: his partiality when ruling, his failure to consider Plaintiff's motions and pleadings, and his neglect of material facts. (Doc. 1-1 at 3); *see Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989) (citing *Forrester v. White*, 484 U.S. 219, 227(1988)) ("Clearly, the paradigmatic judicial act is the resolution of a dispute between parties who have invoked the jurisdiction of the court."). These claims are, at best, classified as allegations of bad faith or malice, which are not enough to overcome judicial immunity. *Mireles*, 505 U.S. at 11; *see Buckner v. Powers*, No. 1:19-cv-92, 2019 WL 482022, at

*4 (S.D. Ohio Feb. 7, 2019) ("Allegations of bias do not impact judicial immunity."). And Plaintiff alleges no facts from which the Court could infer that Judge Brown took action outside of his judicial capacity or in absence of all jurisdiction. Consequently, Plaintiff's Complaint should be **DISMISSED**.

## III.   CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

### <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: January 25, 2024                    /s/ Kimberly A. Jolson

4

KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE