**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**APRIL CLARK,**

    **Plaintiff,**

v.

    Civil Action 2:23-cv-4204
    Chief Judge Algenon L. Marbley
    Magistrate Judge Kimberly A. Jolson

**CHRIS BROWN,**

    **Defendant.**

### ORDER AND REPORT AND RECOMMENDATION

The Undersigned's Report and Recommendation recommending that Plaintiff's Complaint (Doc. 1) be dismissed is pending before the Court (Doc. 3). Plaintiff subsequently filed objections to the Report and Recommendation and a demand for a jury trial. (Docs. 5, 6). This matter is before the Court on Plaintiff's Motion for Order to File Electronically (Doc. 9), Motion for Leave to Amend Complaint (Doc. 7), and Motion for Leave to File Amended Complaint (Doc. 8).

**I.    Motion for Order to File Electronically**

The "grant of electronic filing privileges is a privilege granted to pro se litigants in the discretion of this Court." *Needham v. Butler Cnty. Jail*, No. 1:19-CV-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019). The Court is hesitant to grant Plaintiff electronic filing privileges in light of her litigation and filing history. (*See* Case Nos. 2:23-cv-04201-ALM-KAJ, 2:23-cv-04202-ALM-KAJ, 2:23-cv-04203-ALM-KAJ, 2:23-cv-04205-ALM-KAJ, 2:23-cv-04206-ALM-KAJ, 2:23-cv-04208-ALM-KAJ). Therefore, Plaintiff's Motion for Order to File Electronically (Doc. 9) is **DENIED**.

**II.    Motion for Leave to Amend Complaint and File Amended Complaint**

The Undersigned first notes that the two motions requesting leave to amend her complaint are almost substantively identical. (*Compare* Doc. 7 *with* Doc. 8). In the motions, Plaintiff argues

that the Federal Rules of Civil Procedure allow her to amend her complaint, but also seemingly provides her amended complaint with her motions for leave. (*See* Doc. 8 at 1–2, 7–8 (arguing for leave to amend her complaint); *see id.* at 3–6 (providing facts that appear to amend her complaint under a "Summary of Argument" heading)). Accordingly, the Court construes Plaintiff's filings as both a request for leave to amend her complaint and as the amended complaint itself. Since Plaintiff has seemingly already filed her amended complaint, the Court **DENIES** her motions for leave (Docs. 7, 8) **AS MOOT**.

Given her *in forma pauperis* status (*see* Doc. 3), the Court must dismiss Plaintiff's amended complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). To that end, Plaintiff's amendment does not cure the defects the Undersigned analyzed in the previous Report and Recommendation (Doc. 3). In the amendment, Plaintiff repeats claims from her complaint that Judge Brown "ignored each motion, pleading, and brief filed by all parties" in a state action. (Doc. 8 at 4). Plaintiff says that Judge Brown lacked jurisdiction because "no federal statute was used in the conclusion" of his judgment, and "his exclusion or respect for Federal Law and Statute, specifically the Supremacy Clause of the Constitution was a willful, deliberate, intentional and malicious act of Defendant to harm." (*Id.* at 4–5).

As the Undersigned previously explained, judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . Accordingly, judicial immunity is not overcome by allegations of bad faith or malice,

2

the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted); *see also Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023) ("[Judicial] immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit."). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity or if the actions taken were in absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Plaintiff's amendment alleges claims against Judge Brown that relate to actions he took while functioning in his judicial capacity during the relevant state court case: his rationale when ruling, his failure to consider motions and pleadings, and his neglect of certain facts. (Doc. 8 at 4–5); *see Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989) (citing *Forrester v. White*, 484 U.S. 219, 227(1988)) ("Clearly, the paradigmatic judicial act is the resolution of a dispute between parties who have invoked the jurisdiction of the court."). These claims are, at best, classified as allegations of bad faith or malice, which are not enough to overcome judicial immunity. *Mireles*, 505 U.S. at 11; *see also Buckner v. Powers*, No. 1:19-cv-92, 2019 WL 482022, at *4 (S.D. Ohio Feb. 7, 2019) ("Allegations of bias do not impact judicial immunity.").

Plaintiff's amendment also says that Judge Brown took these actions in the absence of all jurisdiction. (Doc. 8 at 4–5). But her claim does not meet the high bar to overcome judicial immunity. "The term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity . . . Acts done 'in the clear absence of jurisdiction,' for which no immunity is afforded, should be distinguished from actions in 'excess of jurisdiction,' which fall within the ambit of immunity protection." *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997) (citations omitted). "Generally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for

3

immunity purposes." *Id.* (citing *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985)). In Ohio, "the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the decisions of boards of county commissioners." Ohio Rev. Code § 2305.01. Simply put, Plaintiff indicates no facts from which the Court could infer that Defendant Brown acted in the clear absence of all jurisdiction given this broad grant of general jurisdiction. *See Stern v. Mascio*, 262 F.3d 600, 608–609 (6th Cir. 2001) ("In Ohio, Courts of Common Pleas have broad general jurisdiction over almost all types of civil cases and, further, have certain inherent powers related to the exercise of such jurisdiction.").

To the extent that Plaintiff disagrees with Judge Brown's ruling and wishes to appeal his decision, a case in this Court is not the proper manner of doing so. The *Rooker-Feldman* doctrine "bars such a claim in this Court," because "the United States District Court does not have jurisdiction to review state-court judgments[.]" *Clemons v. Kasich*, No. 2:18- cv-954, 2018 WL 4334516, at *1–2 (S.D. Ohio Sept. 11, 2018) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). Here, only state appellate courts and the United States Supreme Court have jurisdiction to hear appeals of Judge Brown's decision. *See White v. Stotts*, No. 2:11-cv-153, 2011 WL 6941700, at *3 (S.D. Ohio Dec. 6, 2011) (finding that the federal court lacked jurisdiction where a plaintiff argued that the Franklin County Court of Common Pleas violated plaintiff's constitutional rights in connection with state court proceedings).

Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's amended complaints (Docs. 7, 8) be **DISMISSED**. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff

4

leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Undersigned cautions Plaintiff that this Court can, in its inherent power, further revoke or deny her privilege of proceeding *in forma pauperis* or impose other restrictions if she files "frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–5 (S.D. Ohio Jan. 7, 2014) ("A prolific litigator may be required to obtain leave of Court before any further complaints will be accepted for filing . . . and the Court may deny a vexatious litigant permission to proceed in forma pauperis." (internal citation omitted)); *see also In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); *Clapper v. Clark Dev., Inc.*, No. 14-3500, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) ("A district court has the authority to issue pre-filing restrictions to prevent prolific litigants from filing harassing and vexatious pleadings.").

## **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: February 29, 2024      /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE